NO. 07-02-0101-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 4, 2002


______________________________



CECIL R. TRIMBLE AKA CECIL R. MCcDONALD
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-434,614; HON. BRADLEY S. UNDERWOOD, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Cecil R. Trimble aka Cecil R. "MccDonald [sic]" (appellant) attempts to appeal pro
se from his conviction for murder in the 364th District Court of Lubbock County, Texas. 
For the reasons set out, we must dismiss for lack of jurisdiction. 

 Although appellant states in his notice of appeal that the final judgment of the trial
court was in June, 2001, we have received a certificate from the court clerk indicating that
sentence was imposed in open court on July 18, 2001. Furthermore, the clerk represents
that a motion for new trial was filed. Appellant's notice of appeal was not filed until
February 25, 2002. A timely filed notice of appeal is essential to invoke our appellate
jurisdiction. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely, a
notice of appeal must be filed within 30 days after the date sentence is imposed or
suspended in open court or within 90 days after the date sentence is imposed or
suspended in open court if the defendant timely files a motion for new trial. Tex. R. App.
P. 26.2(a). An appellate court may extend the time to file a notice of appeal if, within 15
days after the deadline for filing the notice of appeal, a party files in the trial court the notice
of appeal and a motion seeking an extension of time with the appellate court. Tex. R. App.
P. 26. 3. Appellant's notice of appeal was not filed until over seven months after the date
his sentence was pronounced in open court, and no timely motion for extension of time
was filed with this court.

 Because the notice of appeal was not timely filed, we have no jurisdiction to
consider the appeal. Accordingly, we must and do hereby dismiss this appeal. (1) 

 

 Per Curiam 

Do not publish. 

 
1. However, appellant may have a remedy by filing a post-conviction writ of habeas corpus returnable
to the Texas Court of Criminal Appeals pursuant to article 11. 07 of the Texas Code of Criminal Procedure
for consideration of an out-of-time appeal. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2001). 



9, Relator, Harvey Bramlett, Jr., proceeding pro se and in forma
pauperis, filed a Petition for Writ of Mandamus seeking to compel the Honorable Abe
Lopez, Respondent, to rule on certain matters pending in the 108th District Court of Potter
County. By Order of Abatement dated April 30, 2009, this Court took judicial notice of the
fact that Judge Lopez had retired and had been succeeded by the Honorable Douglas
Woodburn. Per Rule 7(a) of the Texas Rules of Appellate Procedure, this Court
substituted Judge Woodburn as Respondent and abated the mandamus proceeding for
sixty days to allow Relator to present his motions to Judge Woodburn. 
          By letter dated June 15, 2009, Relator notified this Court that he had resubmitted
his “request made the subject of his Petition for Writ of mandamus” to the trial court on
May 11, 2009, but that “said judge ha[d] yet to issue a ruling . . . .” Relator did not include
the specifics of his request in his letter. On June 30, 2009, Relator filed his “AMENDED
PETITION FOR WRIT OF MANDAMUS” in compliance with Rule 52.3 seeking to compel
Judge Woodburn to rule on the motion pending in Cause No. 0970915-00-E, styled Harvey
Bramlett v. Texas Dept. Crim. Justice by which he seeks:
∙to disqualify counsel;
∙to strike pleadings;
∙sanctions; and
∙to hold the Attorney General in contempt.
 
A duplicate of the motion was included as an exhibit to Relator’s petition. Although it does
not bear a file stamp, it is dated February 19, 2009, and also reflects a resubmission date
of May 11, 2009. By his prayer for relief, Relator requests this Court order Judge
Woodburn to “Rule – and Grant the motion to disqualify . . . and such other and necessary
relief to which entitlement is obviously shown.”
          “Mandamus issues only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy by law.” Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to
mandamus relief, a relator must (1) show that he has no adequate remedy at law to
redress the alleged harm and (2) the act sought to be compelled is ministerial and does
not involve a discretionary or judicial decision. State ex rel. Young v. Sixth Judicial Dist.
Court of Appeals, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007); State ex rel. Rosenthal v.
Poe, 98 S.W.3d 194, 198 (Tex.Crim.App. 2003). A relator must also demonstrate
entitlement to mandamus relief by showing (1) a legal duty to perform; (2) a demand for
performance; and (3) refusal of that demand. See Stoner v. Massey, 586 S.W.2d 843, 846
(Tex. 1979).
          When a motion is properly pending before a trial court, the act of considering and
ruling upon the motion is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157,
158 (Tex. 1992). The trial court has, however, a reasonable time within which to perform
its ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San
Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is
dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426,
(Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Other factors are influential such
as the trial court’s actual knowledge of the motion, its overt refusal to act, the state of its
docket, and other judicial and administrative duties which must be addressed. In re
Villarreal, 96 S.W.3d 708, 711 (Tex.App.–Amarillo 2003, orig. proceeding). 
          The party requesting relief must provide a sufficient record to establish his
entitlement to mandamus relief. See Walker, 827 S.W.2d at 837. See also In re Bates,
65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding). The record must show
that the motion of which Relator complains was presented to the trial court and that it
refused to act. See generally In re Villareal, 96 S.W.3d 708, 710 n.2 (Tex.App.–Amarillo
2003, orig. proceeding) (filing something with the district clerk does not demonstrate that
a motion was presented to the trial court). See also In re Chavez, 62 S.W.3d 225, 228
(Tex.App–Amarillo 2001, orig. proceeding). Therefore, “[relator] must prove that the trial
court received notice of the pleading . . . . Merely alleging that something was filed with
or mailed to the district clerk does not satisfy that requirement.” In re Metoyer, No. 07-07-0506-CR, 2008 WL 123575, *1 n.2, 2008 Tex. App. Lexis 243, *4 n.2, (Tex.App.–Amarillo
January 14, 2008, original proceeding) (citations omitted) (not designated for publication).
          According to Relator’s correspondence of June 15, 2009, and his amended petition
filed on June 30, 2009, he resubmitted his motion to the trial court on May 11, 2009. 
Assuming, arguendo, that the motion was brought to the attention of the trial court on that
date, we decline to hold that two months constitutes an unreasonable delay in which to
perform a ministerial duty. We conclude Relator has not satisfied his burden to provide a
sufficient record demonstrating that a properly filed motion has awaited disposition for an
unreasonable length of time nor that the trial court has refused to perform a ministerial
duty. The record does not show an abuse of discretion or the violation of a duty imposed
by law.
          Additionally, we note that Relator seeks to compel Judge Woodburn to “grant” his
motion to disqualify. The trial court, however, has no ministerial duty to “rule a certain way
on that motion.” State ex rel. Young v. Sixth Judicial Dist. Court of Appeals, 236 S.W.3d
at 210. Deciding how to rule is not a ministerial act and is beyond the scope of
extraordinary relief. State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.Crim.App.
1987). As such, we have repeatedly held that we may not direct a trial court’s decision on
a matter pending before it. See, e.g., In re Duffy, No. 07-09-0090-CV, 2009 WL 1066088,
at *2, 2009 Tex. App. Lexis 2738, at *4-5 (Tex.App.–Amarillo Apr. 20, 2009, original
proceeding) (mem. op.) (citing cases). Accord In re Blakeney, 254 S.W.3d 659, 661
(Tex.App.–Texarkana 2008, orig. proceeding) (“[w]hile we have jurisdiction to direct the trial
court to make a decision, we may not tell the court what that decision should be.”) This
rule is applicable to Relator’s request.
          For the reasons we have stated, Relator’s petition for writ of mandamus is denied.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice